X FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 01 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

Danny H. Cooprider
1703 W. Rovey Ave.
Phoenix, AZ 85015
Telephone: (602) 246-6154
Email: dhcooprider@gmail.com
Plaintiff, *In Propria Persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Danny H. Cooprider**<br>Plaintiff,<br>v.<br>**Canyon Capital Fund LLC,**<br>a Wyoming limited liability company;<br>**Alex Wilkins,**<br>an individual;<br>**John Does 1-10**; and<br>**Roe Entities 1-10,**<br>Defendants. | Case No.: CV-26-4666-PHX-JJT<br><br>JOINT PROPOSED CASE MANAGEMENT PLAN<br><br>Assigned to: The Honorable John J. Tuchi |

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order of August 10, 2026 (Doc. 12), Plaintiff Danny H. Cooprider, appearing in propria persona, and Defendants Canyon Capital Fund LLC and Alex Wilkins, through counsel, submit the following Joint Proposed Case Management Plan. The parties conferred by telephone on September 1, 2026, on each matter listed in Doc. 12. Statements designated as one party's statement or position are made by that party alone.

## 1. Nature of the Case

**Plaintiff's statement.** Plaintiff is the subscriber and registrant of telephone number (602) 246-6154, which he personally registered on the National Do Not Call Registry on December 6, 2005. Between February 12, 2024, and May 3, 2026, Plaintiff received twelve unsolicited commercial text messages at that number. The messages were sent from nine different sender numbers under seven rotating sender names, followed a common script, and solicited the recipient's participation in a residential-real-estate acquisition transaction. Five of the messages were addressed to a person named "Theresa" concerning a Glendale property with which Plaintiff has no connection. Plaintiff never had any relationship with either Defendant, never provided his number to them, and never consented to the messages.

Plaintiff alleges that the messages were sent by, at the direction of, and for the benefit of Defendant Alex Wilkins and the real-estate-acquisition enterprise he operates through Defendant Canyon Capital Fund LLC, a Wyoming limited liability company organized October 15, 2024, whose documented business is to place Arizona residential property under contract and assign the contract to an affiliated entity. Plaintiff pleads five counts: (I) telephone solicitations to a registered number, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2); (II) failure to maintain internal do-not-call procedures, 47 C.F.R. § 64.1200(d); (III) failure to transmit caller-identification information, 47 C.F.R. § 64.1601(e); (IV) the Arizona do-not-call statute, A.R.S. § 44-1282; and (V) the Arizona Consumer Fraud Act, A.R.S. § 44-1522, by operation of § 44-1282(B) and, alternatively,

as an independently deceptive practice. Plaintiff seeks statutory damages of $500 per violation, trebled for willful or knowing violations; actual and punitive damages under Arizona law; and injunctive relief.

**Defendants' statement.** Plaintiff alleges he is entitled to statutory damages under the TCPA, regulations codified pursuant to the TCPA, A.R.S. § 44-1282(A) or A.R.S. § 44-1522 because Defendants sent him twelve text messages, all of which sought "to acquire residential real property from the recipient." This is incorrect for several reasons. First, the alleged messages are not prohibited solicitations because they are not messages intended to encourage the recipient to purchase property, goods, or services. They are offers to purchase from the recipient.

Second, Plaintiff's phone number is not a residential number because Plaintiff holds it out to the public as a business line. Plaintiff owns and operates Desert Wood and Resin LLC, an Arizona limited liability company ("Desert Wood"). Plaintiff registered the domain name DESERTWOODANDRESIN.COM ("Plaintiff's Website"), from which Plaintiff sells 46 different wood products. If customers have questions about the 46 different products Plaintiff sells, the Desert Wood webpage at https://desertwoodandresin.com/contact/ directs customers to call Plaintiff's. The Subject Number is also listed on Google as Desert Wood's business line.

Third, Plaintiff fails to allege and Alex Wilkins has not engaged in any activity that would make him personally liable for the alleged messages. Likewise, Canyon Capital

Fund has not sent any messages that violate the TCPA, regulations codified pursuant to the TCPA, A.R.S. § 44-1282(A) or A.R.S. § 44-1522 to Plaintiff.

## 2. Elements of Proof

**Plaintiff's counts.**

*Count I — 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (National Do Not Call Registry).* Plaintiff must prove: (a) Plaintiff is a residential telephone subscriber — a cellular number registered on the Registry is presumptively residential, *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022), and the owner and subscriber of a registered number has standing to sue for texts sent to it, *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983 (9th Cir. 2023); (b) the number was registered on the National Do Not Call Registry when the messages were sent, 47 C.F.R. § 64.1200(c)(2); (c) each message was a "telephone solicitation" — a call or message initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services," 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15), judged by the purpose of initiation in context, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012); *Coffey v. Fast Easy Offer, LLC*, No. 25-4066 (9th Cir. June 4, 2026); a text message is a "call" under the Act, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); (d) Plaintiff received more than one such message within a twelve-month period "by or on behalf of the same entity," 47 U.S.C. § 227(c)(5); and (e) each Defendant initiated the messages or is liable for messages initiated on its behalf, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Prior express invitation or permission, 47 C.F.R. § 64.1200(c)(2)(ii), an

established business relationship, id. § 64.1200(f)(5), and the safe harbor of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)(i) are matters on which Defendants bear the burden. Treble damages require proof that the violation was willful or knowing, 47 U.S.C. § 227(c)(5) — awareness of the facts constituting the violation ("knowingly") or of its unlawfulness ("willfully"), *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023).

*Count II — 47 C.F.R. § 64.1200(d) (internal do-not-call procedures).* Elements (a), (b), (d), and (e) above, and: (f) Defendants initiated telephone solicitations without having instituted the procedures required by 47 C.F.R. § 64.1200(d)(1)–(6) — a written policy available on demand, personnel training, recording and honoring of do-not-call requests, identification of the person or entity on whose behalf the call is made and a contact number or address, and maintenance of an internal list. The regulation is enforceable through 47 U.S.C. § 227(c)(5) as a regulation "prescribed under" § 227(c).

*Count III — 47 C.F.R. § 64.1601(e) (caller identification).* Elements (a), (b), (d), and (e) above, and: (g) Defendants, as telemarketers, failed to transmit caller-identification information, including the telemarketer's name where the carrier makes that capability available, or transmitted information that did not accurately identify the telemarketer, 47 C.F.R. § 64.1601(e)(1); "caller identification information" includes information transmitted with a text message, id. § 64.1600(c). Enforceable through 47 U.S.C. § 227(c)(5).

*Count IV — A.R.S. § 44-1282 (Arizona do-not-call).* Plaintiff must prove: (a) each Defendant is a "seller" or "solicitor," or acted on behalf of one, A.R.S. § 44-1271; (b) the Defendant initiated an outbound telephone solicitation call or text message, A.R.S. § 44-1282(A); and (c) to a telephone number entered in the National Do Not Call Registry, id. Each violation is an unlawful practice under A.R.S. § 44-1522 by operation of § 44-1282(B). The exceptions stated in A.R.S. § 44-1282(A)(1)–(3) are matters on which Defendants bear the burden.

*Count V — A.R.S. § 44-1522 (Consumer Fraud Act).* Plaintiff must prove: (a) an unlawful practice — established as a matter of law by each Count IV violation, A.R.S. § 44-1282(B), § 44-1278(C), and, in the alternative, by a deceptive or unfair act, misrepresentation, or concealment of a material fact made in connection with the advertisement of merchandise with intent that others rely on it, A.R.S. § 44-1522(A); § 44-1521; and (b) consequent and proximate injury to Plaintiff resulting from the practice. *Kuehn v. Stanley*, 208 Ariz. 124, ¶ 16, 91 P.3d 346 (App. 2004); *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 576, 521 P.2d 1119, 1122 (1974) (private right of action); *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342–43, 666 P.2d 83, 87–88 (App. 1983) (actual and punitive damages recoverable). Punitive damages require proof of an "evil mind" — intent to injure or conscious disregard of a substantial risk of significant harm to others. *Rawlings v. Apodaca*, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986).

*Individual liability of Defendant Wilkins (all counts).* Plaintiff must prove that Defendant Wilkins personally authorized, directed, or participated in the conduct alleged, or that the messages were sent by others acting on his behalf. 47 U.S.C. § 227(c)(5) ("by or on behalf of"); 47 C.F.R. § 64.1200(c)(2); A.R.S. § 44-1282(A) ("anyone acting on behalf of a seller or solicitor").

**Defendants' affirmative defenses.** Defendants' Answer (Doc. 11 at 7) pleads estoppel, waiver, laches, unclean hands, statute of limitations, lack of causal relationship, failure to join an indispensable party, and "any and all affirmative defenses under Fed. R. Civ. P. 8 and 12." Defendants state the following:

*A. Consent.* Defendants must prove that the called party gave prior express consent to be contacted at the number in question. Consent requires that (1) The consent related to the same subject matter / transactional context as the challenged call or text — providing a phone number does not consent to contact "for any purpose whatsoever.", (2) the challenged communication fell within the scope of the consent given and (3) (If revocation is raised) the consent was not clearly and effectively revoked before the challenged communication; revocation must be clearly made. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017).

*B. Established business relationship (EBR) exemption.* Defendants must prove (1) a prior or existing relationship formed by voluntary two-way communication between Defendants and the subscriber (with or without an exchange of consideration); (2) Based on either the subscriber's purchase or transaction within the 18 months before the call, or

the subscriber's inquiry or application within the 3 months before the call; (2) the relationship had not been previously terminated by either party (a seller-specific do-not-call request terminates the EBR even if the subscriber continues doing business with the seller). 47 C.F.R. § 64.1200.

*C. Good-faith / reasonable-practices safe harbor.* Defendants must prove (1) the challenged violation was the result of error; and (2) as part of routine business practice, Defendants established and implemented, with due care, reasonable practices and procedures to prevent DNC violations, meeting the five regulatory standards: (a) written procedures to comply with the national DNC rules; (b) training of personnel; (c) maintaining and recording a list of numbers not to be contacted; (d) using a process to prevent solicitations to registered numbers, employing a version of the national registry obtained no more than 31 days before the call; and (e) proper purchase and use of the national DNC database. 47 C.F.R. § 64.1200; 47 U.S.C.A. § 227 (West).

*D. Unclean hands.* Defendants must prove that (1) the plaintiff engaged in inequitable conduct or acted in bad faith / with fraud or deceit; and (2) that misconduct is directly related to the matter or controversy in which the plaintiff seeks relief — not "misconduct in the abstract, unrelated to the claim. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017).

*Plaintiff's position.* Consent, an established business relationship, and the safe harbor are not among the defenses named in Defendants' Answer (Doc. 11 at 7). Plaintiff does not agree that those defenses are before the Court absent an amended answer.

## 3. Factual and Legal Issues Genuinely in Dispute

**Plaintiff's statement.** Plaintiff identifies the following issues, based on the Answer (Doc. 11) and the parties' Rule 26(f) discussion:

1. Who sent each of the twelve messages, and whether each Defendant sent them or is liable for messages sent on its behalf. Defendants deny sending the messages and deny that Defendant Wilkins controlled or directed the enterprise (Doc. 11 ¶¶ 5–6, 16, 18, 31–34).

2. Whether the messages were "telephone solicitations" under 47 U.S.C. § 227(a)(4) and A.R.S. § 44-1282(A). Defendants deny that the messages solicited their services (Doc. 11 ¶¶ 22–23).

3. Whether Plaintiff's number (602) 246-6154 is a residential telephone subscriber number. Plaintiff pleads that it is used primarily for personal, family, and household purposes (Doc. 1 ¶ 12); Defendants have indicated they will contend otherwise.

4. Whether Defendants maintained the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d) and transmitted the caller-identification information required by § 64.1601(e).

5. Whether the violations were willful or knowing, and whether Defendants acted with the "evil mind" required for punitive damages under Arizona law.

6. The amount of Plaintiff's actual damages under Counts IV and V.

7. Whether Plaintiff is entitled to injunctive relief.

Issues 3 and 4 may be narrowed by requests for admission and by stipulation after Defendants' responses to Plaintiff's first written discovery (served September 1, 2026). Issue 1 may be narrowed once the messaging-platform records for the nine sender numbers are obtained.

**Defendants' statement.** Defendant identifies the following issues, based on the Plaintiff's complaint and the parties' Rule 26(f) discussion:

1. Who sent each of the twelve messages, and whether each Defendant sent them or is liable for messages sent on its behalf. Defendants deny sending the messages and deny that Defendant Wilkins controlled or directed the enterprise

2. Whether the messages were "telephone solicitations" under 47 U.S.C. § 227(a)(4) and A.R.S. § 44-1282(A). Defendants deny that the messages solicited their services.

3. Whether Plaintiff's number (602) 246-6154 is a residential telephone subscriber number. Plaintiff pleads that it is used primarily for personal, family, and household purposes; Defendants have indicated they will contend otherwise.

4. Whether Defendants maintained the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d) and transmitted the caller-identification information required by § 64.1601(e).

5. Whether the violations were willful or knowing, and whether Defendants acted with the "evil mind" required for punitive damages under Arizona law.

6. The amount of Plaintiff's actual damages under Counts IV and V.

7. Whether Plaintiff is entitled to injunctive relief.

Issue 2 may be resolved on motion.

**4. Jurisdictional Basis**

This Court has subject-matter jurisdiction over Counts I through III under 28 U.S.C. § 1331 because they arise under 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012). The Court has supplemental jurisdiction over Counts IV and V under 28 U.S.C. § 1367(a). Jurisdiction is not based on diversity of citizenship. Defendants do not contest subject-matter or personal jurisdiction. Venue is proper under 28 U.S.C. § 1391(b)(2).

**5. Parties Not Served or Not Appearing; Fictitious Parties**

Both named Defendants have been served and have answered (Doc. 11). No motion for entry of default is required.

The Complaint names John Does 1–10 and Roe Entities 1–10 (Doc. 1 ¶ 7), described as the persons who transmitted or scripted the messages, the holders of the messaging-platform accounts from which they were sent, the suppliers of the lead data, and any affiliated entity that used the "Canyon Capital Fund" or a related brand name in Arizona. Plaintiff respectfully shows cause why these placeholders should be retained through the deadline proposed in item 11(a) rather than dismissed now:

(a) The identities of these parties cannot be learned without discovery. The twelve messages were sent from nine sender numbers provisioned through wholesale messaging and VoIP carriers, under seven sender names (Doc. 1 ¶¶ 4, 27–30). The subscriber and

account records that identify who provisioned and used those numbers are held by third-party platforms and carriers.

(b) Plaintiff could not seek those records before the Rule 26(f) conference held September 1, 2026, Fed. R. Civ. P. 26(d)(1), and, as a self-represented litigant, must obtain leave of Court before serving any subpoena. General Order 18-19 (D. Ariz. Sept. 18, 2018). Plaintiff intends to move for issuance of subpoenas to the messaging platforms and carriers promptly after the Pretrial Scheduling Conference, and has served first written discovery on Defendants directed to the same subject.

(c) Where "the identity of alleged defendants will not be known prior to the filing of a complaint," the plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); accord *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Neither exception applies here: the platform records are the ordinary source of that information, and the named Defendants have answered on the merits.

(d) On September 14, 2026, Plaintiff filed a request (Doc. 16) to extend, as to the fictitiously named Defendants, the Rule 4(m) service deadline set forth in the Court's Order of July 9, 2026 (Doc. 8). On September 17, 2026, the Court denied the request as moot, explaining that the Doc. 8 deadline applies only to Defendants named in the Complaint and that the time to serve any new defendant will not begin to run until Plaintiff files an amended complaint naming the presently unnamed defendants (Doc. 18

at 1–2). The Court further stated that if Plaintiff discovers those names, he may seek leave to amend, and that the parties should meet and confer in good faith on whether they can stipulate to the amendment (*id.* at 1).

Plaintiff proposes that, on or before the item 11(a) deadline, he will either seek leave to amend the Complaint to name any fictitious Defendant identified in discovery, after conferring with Defendants on a stipulated amendment as Doc. 18 contemplates, or file a notice dismissing the fictitious Defendants that remain unidentified. If the Court prefers to dismiss the fictitious Defendants now without prejudice to a later motion to amend, Plaintiff requests that the item 11(a) deadline be preserved for that purpose.

## 6. Parties Not Subject to the Court's Jurisdiction

None. Defendants do not contest jurisdiction.

## 7. Dispositive or Partially Dispositive Issues; Contemplated Pretrial Motions

**Plaintiff.** Plaintiff does not presently contemplate a dispositive motion before the close of fact discovery. Plaintiff anticipates moving for summary judgment on liability under Counts I and IV, and on such other counts as the record supports, after Defendants' discovery responses and the third-party platform records are in hand. Plaintiff will move under General Order 18-19 for issuance of subpoenas to the messaging platforms and carriers identified in the Complaint (Doc. 1 ¶ 29) and to such other third parties as Defendants' discovery responses identify. Plaintiff does not agree that the Complaint is

deficient in any respect; any motion under Fed. R. Civ. P. 12 is subject to the conferral and certification requirements of the Court's Order of July 9, 2026 (Doc. 7).

**Defendants.** There are dispositive issues that can be resolved by pretrial motions. Plaintiff fails to state a claim for relief because offers to purchase from a recipient are not prohibited by federal or Arizona law.

## 8. Suitability for Reference to a Magistrate Judge or Special Master

The parties do not consent to trial before a United States Magistrate Judge and do not request reference to a special master.

## 9. Status of Related Cases

None. No related case is pending before another judge of this Court or before another court.

## 10. Initial Disclosures

The parties discussed initial disclosures at the Rule 26(f) conference and stipulated under Fed. R. Civ. P. 26(a)(1)(C) that each side would serve its initial disclosures on or before Tuesday, September 22, 2026. Each side served its initial disclosures on September 22, 2026, and filed a notice of service rather than the disclosures themselves (Docs. 19, 20).

## 11. Proposed Deadlines

| | Event | Proposed deadline |
|---|---|---|
| (a) | Motions to amend the Complaint or to join additional parties | Plaintiff: Friday, April 30, 2027; Defendants: Friday, February 26, 2027 |
| (b) | Patent claim construction | Not applicable |
| (c) | Completion of fact discovery | Friday, July 30, 2027 |
| (d) | Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) (all parties) | Friday, May 21, 2027 |
| (e) | Disclosure of rebuttal expert testimony (all parties) | Friday, July 9, 2027 |
| (f) | Disclosure of witnesses, exhibits, and other matters under Fed. R. Civ. P. 26(a)(3) | Friday, August 6, 2027 |
| (g) | Closure of all discovery | Friday, August 20, 2027 |
| (h) | Completion of good-faith settlement discussions | Friday, September 3, 2027 |
| (i) | Dispositive motions, including *Daubert* motions | Friday, September 17, 2027 |

The parties agree on deadlines (b) through (i). They differ on deadline (a). Plaintiff proposes Friday, April 30, 2027, in light of the third-party subpoena sequence described in item 5, which cannot begin until leave is granted under General Order 18-19 for each subpoena and which must be completed before the fictitiously named Defendants can be identified. Defendants propose Friday, February 26, 2027. Neither party has identified expert witnesses at this time; the dates proposed in (d) and (e) are included as Doc. 12 requires.

## 12. Scope of Discovery

The parties do not presently propose changes to the limitations imposed by the Federal Rules of Civil Procedure (twenty-five interrogatories including discrete subparts; ten depositions per side of seven hours each). The parties do not propose that discovery be phased or limited to particular issues. Plaintiff anticipates discovery on: the sending of the twelve messages and the provisioning and use of the nine sender numbers; the source of the lead data that contained Plaintiff's number; Defendants' do-not-call policies, procedures, training, and internal lists; the relationship between the named Defendants and any affiliated entity or vendor involved in the messaging; Defendants' knowledge of the do-not-call rules; and the transactions solicited. Plaintiff has proposed, and Defendants have taken under advisement, production of structured data (message exports, CRM data, spreadsheets) in native format with metadata and of correspondence and other documents as searchable PDF. Plaintiff anticipates proposing a stipulated protective order in the form the Court has published for confidential business records. Plaintiff's first sets of interrogatories, requests for production, and requests for admission to each Defendant were served September 1, 2026. Responses to the requests for admission are due October 5, 2026; by agreement of the parties, responses to the interrogatories and requests for production are due October 19, 2026.

Defendants anticipate discovery on all messages and phone call records from or related to Plaintiff's phone number.

Plaintiff reserves all objections to the scope of Defendants' proposed discovery, including objections based on relevance, proportionality, and privacy under Fed. R. Civ. P. 26(b)(1) and (c).

## 13. Estimated Length of Trial

Plaintiff and Defendants estimate three trial days. The trial may be shortened by stipulations of fact concerning the dates, contents, and sender numbers of the twelve messages and Plaintiff's registration on the National Do Not Call Registry.

## 14. Jury Trial

Plaintiff demanded a jury trial in the Complaint (Doc. 1 at 24).

## 15. Prospects for Settlement

The parties discussed settlement at the Rule 26(f) conference and will continue those discussions. Plaintiff does not request a settlement conference before another District Judge or a Magistrate Judge at this time, but would participate in one if the Court considers it useful after Defendants' discovery responses are served.

## 16. Class Action

Not applicable.

## 17. Complex Track

The parties do not identify any unusual, difficult, or complex problem or issue requiring placement on the complex track. The case is appropriately designated a standard-track case under LRCiv 16.2.

## 18. Other Matters

(a) Plaintiff is self-represented, does not have CM/ECF filing privileges, and files in paper at the Clerk's Office. Plaintiff receives service of Defendants' filings by mail and email. To reduce delay and expense, Plaintiff consents in writing to service of papers by email at dhcooprider@gmail.com under Fed. R. Civ. P. 5(b)(2)(E), and requests that Defendants provide reciprocal written consent to service by email at the address stated in their signature block. Absent that consent, Plaintiff will continue to serve by U.S. mail. Defendants consent in writing to service of papers by email if sent to both of the following email addresses: fileclerk@providentlawyers.com and ryan.womack@providentlawyers.com

(b) Plaintiff intends to move under General Order 18-19 for issuance of third-party subpoenas promptly after the Pretrial Scheduling Conference, as described in items 5 and 7.

(c) The parties will meet and confer before any discovery motion in accordance with LRCiv 7.2(j) and the Court's discovery-dispute procedure.

Dated this 1st day of October, 2026.

Danny H. Cooprider, *In Propria Persona*

PROVIDENT LAW

By: /s/ R. Ryan Womack (with permission)
R. Ryan Womack (SBN 029573)
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
fileclerk@providentlawyers.com
Attorney for Defendants Canyon Capital Fund LLC and Alex Wilkins

**CERTIFICATE OF SERVICE**

I certify that on the date stated above I filed the foregoing with the Clerk of the Court in person, and served a copy on counsel for Defendants by email under Fed. R. Civ. P. 5(b)(2)(E), addressed to:

R. Ryan Womack
Provident Law
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
fileclerk@providentlawyers.com
ryan.womack@providentlawyers.com

Danny H. Cooprider